# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAQUAN BRADFORD, ) | |
| ) | |
| Plaintiff, ) | No. 14 cv 131 EJM |
| vs. ) | |
| ) | ORDER |
| IIONA AVERY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed January 11, 2016. Granted.

Plaintiff, a young man housed at the Iowa Juvenile Home (IJH), brings this case under 42 U.S.C. § 1983 for alleged abuse, especially prolonged isolation, suffered at that facility. Jurisdiction is under 28 U.S.C. §1331.

Movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005.) Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn

from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986.)

Defendants seek summary judgment on a variety of theories. First, defendants claim that the statute of limitations has run. Since 42 U.S.C. § 1983 does not contain a statute of limitations, the limitations period is borrowed from the personal injury statute of limitations of the state where the § 1983 claim arose. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992). Section 1983 claims are governed by the state's statute of limitations for personal injury claims and may be subject to any tolling rules that Iowa courts have applied to that statute. DeVries v. Driesen, 766 F.3d 922, 922 (8th Cir. 2014). Iowa's general statute of limitations for personal injury actions is two years. Iowa Code § 614.1(2). Crucially, Iowa Code § 614.8, a minority tolling provision, provides that "minors shall have one year from and after attainment of majority within which to...commence an action."

Both sides agree plaintiff's birthday is April 26, 1996. Therefore, his 18th birthday is April 26, 2014. He filed his complaint on Dec. 9, 2014, within the one year extension. Defendants claim that the one year extension is itself limited by the "discovery rule", Iowa Code § 614.1(9)(a), which limits claims arising out of patient medical care to within two years of discovery. This section does not apply because plaintiff's claim does not arise out of patient medical care. The statute of limitations has not run on plaintiff's claim.

Next, defendants claim that qualified immunity attaches to all defendants and immunizes them from liability. The substantive standard of the U.S. Supreme Court in Bell v. Wolfish, 441 U.S. 530, 535 (1979) provides: "there must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. at 546. To state a valid conditions-of-confinement claim, Plaintiffs must show both an objective and a subjective element. Revels, 382 F.3d at 875 (applying Farmer v. Brennan, 511 U.S. 825 (1994) standard to involuntary patients). The objective element requires that the defendant's conduct objectively rises "to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 835 (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981)). The subjective element requires that the defendant's conduct show deliberate indifference – "that the defendant was substantially aware of, but disregarded an excessive risk to [patient] health or safety." Farmer, 511 U.S. at 835 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1977)). To demonstrate unconstitutional conditions of confinement, a plaintiff must meet a "high bar" by demonstrating "extreme deprivations." Chandler v Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004).

As government officials, the Defendants are entitled to qualified immunity for the performance of discretionary functions. Davis v. Hall, 375 F.3d 703, 711 (8th Cir. 2004). "Qualified immunity 'is an immunity from suit rather than merely a

3

defense to liability.' It entitles an individual to not be subject to trial or the other burdens of litigation and 'is effectively lost if a case is erroneously permitted to go to trial.'" Jones v. McNeese, 746 F.3d 887, 894 (8th Cir. 2014) (quoting Solomon v. Petray, 699 F.3d 1034, 1038 (8th Cir. 2012) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." Reihm v. Engelking, 538 F.3d 952, 962 (8th Cir. 2008) (citing Malley v. Briggs, 475 U.S. 335, 341 (1986).

To defeat this qualified immunity, plaintiff must show how each defendant's individual conduct violated a "clearly established statutory or constitutional right of which a reasonable person would have known." Id. To make this showing, plaintiff must: (1) considering the facts in the light most favorable to the plaintiff, demonstrate that each Defendant violated a constitutional right; and if that criterion is satisfied, (2) show the constitutional right was clearly established. Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002). Plaintiff must identify the clearly established constitutional right, showing the right was clearly established at the time and that the defendants were aware of that breach of his rights.

There was contemporaneous juvenile court oversight over plaintiff's confinement at IJH. The juvenile court held regular review hearings pursuant to Iowa Code § 232.95(3) (providing for reviews every six months if the child is removed from the home). See Complaint, quoting examples from quarterly reports. Mr. Bradford had counsel to represent him. Iowa Code § 232.89. The

4

juvenile court never found wrongdoing at IJH regarding plaintiff. The plaintiff cannot prove and has not produced any evidence that defendants should have been aware of a breach of a clearly established law regarding plaintiff's stay at IJH while at the same time the juvenile court, sitting in regular review proceedings, was finding nothing wrong regarding plaintiff's stay at IJH.

Defendants have shown that there is no question but that they enjoy qualified immunity from suit in this case.

It is therefore

ORDERED

Granted.

March 10, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT