# IN THE UNITED STATES DISTRI CT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAQUAN BRADFORD,<br><br>        Plaintiff,<br>vs.<br><br>IIONA AVERY, JOAN GERBO, ROBERT HENDRICKS, and DEBORAH HANUS,<br><br>        Defendants. | No. C14-131-MWB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

_____

Plaintiff JaQuan Bradford, who was formerly civilly committed to the Iowa Juvenile Home ("IJH") for over two years as a child in need of assistance, brought this action for compensatory and punitive damages under 42 U.S.C. § 1983. Bradford alleges that defendants violated his Fourth, Eighth, and Fourteenth Amendment rights by subjecting Bradford to lengthy periods of solitary confinement resulting in mental and physical injury, and denying him adequate schooling. Defendants moved for summary judgment.

The Honorable Edward J. McManus, United States District Court Judge, granted defendants' motion for summary judgment. Bradford appealed. The Eighth Circuit Court of Appeals reversed and remanded with instructions to conduct a "more thorough review of defendants' motion for summary judgment." *Bradford v. Palmer*, 855 F.3d 890, 893 (8th Cir. 2017). On remand, this case was reassigned to me.[1]

---

[1] Judge McManus passed away on March 20, 2017, while the case was on appeal.

After the case was reassigned, I referred defendants' motion for summary judgment, pursuant to 28 U.S.C. § 636(b)(1)(B), to Chief United States Magistrate Judge C.J. Williams. Judge Williams subsequently issued a Report and Recommendation recommending that I grant in part and deny in part defendants' motion for summary judgment. Judge Williams recommends a trial on Bradford's seclusion and deprivation of an education claims. Judge Williams further concludes that Bradford's generation of genuine issues of material fact, on his seclusion and deprivation of education claims, precludes summary judgment on the issue of damages. Judge Williams further recommends that I deny defendants' motion for summary judgment with respect to defendants' statute of limitations defense and claims of qualified immunity on the issues of seclusion and deprivation of education. Judge Williams also recommends that I grant qualified immunity on the issue of sexual abuse and on the question of defendants' personal responsibility for Bradford's sexual abuse and arm injury.

Defendants have filed objections to the Report and Recommendation. Given the nature of defendants' objections, I have reviewed the record *de novo, see* 28 U.S.C. § 636(b)(1)(C), and conclude that the Report and Recommendation is correct in all respects. Therefore, I accept the Report and Recommendation and grant in part and deny in part defendants' motion for summary judgment (docket no. 44) as outlined above.

A telephonic status conference is scheduled with Chief Magistrate Judge Williams for **Friday, February 9, 2018, at 10:00 a.m.** The parties will access the hearing by: (1) calling 888-684-8852; (2) enter access code 4670058#; (3) Press # to enter as a participant; (4) enter security code 5825#.

**IT IS SO ORDERED**

**DATED** this 26th day of January, 2018.

                                                                   _____
                                                                   MARK W. BENNETT
                                                                   U.S. DISTRICT COURT JUDGE
                                                                   NORTHERN DISTRICT OF IOWA